1  RONALD J. HOLLAND (SBN 148687)
   rjholland@mwe.com
2  LAUREN A. ZIEGLER (SBN 293189)
   lziegler@mwe.com
3  PHILIP SHECTER (SBN 300661)
   pshecter@mwe.com
4  **MCDERMOTT WILL & EMERY LLP**
   415 Mission St Suite 5600
5  San Francisco, CA 94105-2533
   Telephone: +1 628 218 3800
6  Facsimile: +1 628 877 0107

7  Attorneys for Defendant
   KINKISHARYO INTERNATIONAL, L.L.C

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE ARMENDARIZ, an individual, | CASE NO. |
| Plaintiff, | [Los Angeles Superior Court Case No. 20STCV16542] |
| v. | |
| KINKISHARYO INTERNATIONAL, LLC a Delaware limited liability company; and DOES 1 through 25, inclusive, | **DEFENDANT KINKISHARYO INTERNATIONAL L.L.C.'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| Defendant. | [28 U.S.C. §§ 1332(A), 1441 and 1446] |
| | Complaint Filed: April 30, 2020 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Kinkisharyo International, L.L.C. ("Kinkisharyo" or "Defendant") respectfully removes this case under 28 U.S.C. §§ 1332(a) (diversity jurisdiction), 1441, and 1446 from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.  This Court has original subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of a different state than the state of Defendant's citizenship and because the amount in controversy exceeds $75,000.

Accordingly, removal is proper based on the following grounds:

## I.   BACKGROUND

1.   On or around April 30, 2020, Plaintiff Noe Armendariz ("Plaintiff") filed his Complaint for Damages ("Complaint") with the Superior Court of the State of California for the County of Los Angeles, entitled *Noe Armendariz v. Kinkisharyo International, LLC et al.*, Case No. 20STCV16542.

2.   Plaintiff served his Summons and Complaint on Defendant on May 6, 2020.  True and correct copies of the Summons and Complaint are attached hereto as **Exhibits 1** and **2**, respectively.

3.   Plaintiff alleges the following causes of action in his Complaint: (1) associational disability discrimination in violation of Government Code §§ 12940, *et seq.*; (2) failure to engage in a good faith interactive process in violation of Government Code §§ 12940, *et seq.*; (3) failure to accommodate in violation of Government Code §§ 12940, *et seq.*; (4) retaliation in violation of Government Code §§ 12940, *et seq.*; (5) failure to prevent discrimination and retaliation in violation of Government Code § 12940(k); (6) violation of Government Code § 12945.2

("CFRA"); (7) retaliation in violation of Government Code § 12945.2; and (8) wrongful termination in violation of public policy.  (*See* Ex. 1 [Complaint], p. 1.)

4. A copy of this Notice of Removal will be served on Plaintiff and filed with the Superior Court of California for the County of Los Angeles.  Exhibits 1 through 6 contain all process, pleadings (including Defendant's Answer, which was filed in Superior Court on June 2, 2020), and orders served on Defendant in accordance with 28 U.S.C. § 1446(a), and no other proceedings have been held in this action.

## II. STATEMENT OF JURISDICTION

### Diversity Jurisdiction – 28 U.S.C. 1332(a)

5. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a), and which may be removed to this Court pursuant to 28 U.S.C. § 1441.

6. Specifically, pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions where (a) the amount in controversy exceeds the sum or value of $75,000.00 and (b) is between citizens of different states or citizens of a state and citizens of a foreign state.

7. Under *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) and 28 U.S.C. § 1446(a), Kinkisharyo is not required to submit evidence establishing jurisdictional facts with its notice of removal.  Kinkisharyo is only required to submit a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  A plausible allegation of the relevant jurisdictional facts is sufficient in a notice of removal.  *Dart Cherokee*, 135 S. Ct. 547 at 554.  Evidence is required only if Plaintiff contests, or the Court questions, Defendant's allegations.  *Id.*

### Diversity of Citizenship Exists Here

8. Defendant is informed and believes, and on that basis alleges, that Plaintiff is now, and was at the time the State Court Action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).  *See* Ex. 1 [Complaint] ¶ 1 (stating that Plaintiff "is, and at all relevant times herein was, an

individual residing in the County of Los Angeles, State of California"). An individual is a citizen of his state of domicile. *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981). An individual's place of residence is prima facie evidence of his domicile. *Johnson v. Mitchell*, No. CIV S-10-1968 GEB GGH PS, 2012 U.S. Dist. LEXIS 63306, at *26 (E.D. Cal. May 4, 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Accordingly, upon information and belief, Plaintiff was a citizen of the State of California at the time he filed his Complaint.

9. For diversity purposes, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see Buschman v. Anesthesia Bus. Consultants LLC*, 42 F. Supp. 3d 1244, 1249 (N.D. Cal. 2014) (same).

10. Here, Defendant Kinkisharyo, a limited liability company, has a single member: Kinki Sharyo Co., Ltd. ("KSJ"). *See* Declaration of Lauren Ziegler ("Ziegler Decl."), filed herewith, ¶¶ 2–3 & Exs. A–B. Defendant is therefore a citizen of every state and foreign state of which KSJ is a citizen.

11. In *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010), the Supreme Court clarified the definition of a corporation's "principal place of business" and concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." The Supreme Court further clarified that, "in practice" the principle place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93.

12. Under the *Hertz Corp.* standard set forth above, KSJ is a citizen of Japan because that is where it is incorporated and maintains its corporate headquarters. *See* Declaration of Melissa Rath ("Rath Decl."), filed herewith, ¶ 4.

13. Given that Kinkisharyo's only member is not a citizen of California, Kinkisharyo is not a citizen of California either.

14. The presence of "Doe" defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b).

15. Because Plaintiff is a citizen of California and Kinkisharyo is a citizen of Japan, complete diversity exists between the parties.

**The Amount in Controversy Exceeds the $75,000 Requirement Under 28 U.S.C. § 1332(a)**

16. Without making any admission as to liability or damages with respect to any aspect of this case or to the proper legal test(s) applicable to Plaintiff's allegations, the amount in controversy in Plaintiff's claim exceeds the $75,000 jurisdictional minimum of this Court, pursuant to 28 U.S.C. § 1332(a). *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee*, 135 S. Ct. at 554. Moreover, a defendant need not set forth evidence establishing the amount in its notice of removal. *Id.* Kinkisharyo is not obliged to "research, state, and prove the plaintiff's claims for damages." *Reyes v. Carehouse Healthcare Ctr., LLC*, No. SACV1601159CJCMRWX, 2017 WL 2869499, at *2 (C.D. Cal. July 5, 2017) (internal citation omitted). But Kinkisharyo can establish the amount in controversy by the allegations in the Complaint or by setting forth allegations in the notice of removal that the amount in controversy exceeds the jurisdictional minimum. *See Dart Cherokee*, 135 S. Ct. at 547 (holding that evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations"); *see also Singer*, 116 F.3d at 377 (holding district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy).

18. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for Plaintiff

on all claims made in the complaint. *Flores v. Marriott Resorts Hosp. Corp.*, No. CV188012JVSJPRX, 2019 WL 1069528, at *2 (C.D. Cal. Jan. 7, 2019) (internal citation omitted).  The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendant will actually owe. *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012)*; see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

19. Defendant provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional amount in controversy under diversity jurisdiction.  Defendant makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims.  Nor does Defendant waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff, and only Plaintiff, prevail with respect to any of his claims.

20. Plaintiff alleges that he was employed by Defendant from July 2017 through August 29, 2019.  Ex. 1 [Complaint] ¶ 6.

21. Plaintiff alleges that he was discriminated and retaliated against, and wrongfully terminated from his employment, by Defendant on the basis of associational disability. *Id.* ¶ 30 Plaintiff further alleges that Defendant denied and retaliated against him under CFRA (*Id.* ¶ 74), failed to provide reasonable accommodation (*Id.* ¶ 50), failed to engage in a good faith interactive process (*Id.* ¶ 41), and failed to prevent discrimination and retaliation (*Id.* ¶ 64).  Plaintiff seeks to recover damages for lost wages and other benefits, past and future medical expenses, general damages for pain and suffering, punitive damages, prejudgment interest, civil penalties, costs of suit, and his attorneys' fees. *Id.* at Prayer for Relief.

22.     Plaintiff's alleged damages under these claims exceed the amount in controversy requirement.  Indeed, Plaintiff's claim that he is entitled to lost wages is enough, on its own, to meet this requirement.  Assuming Plaintiff worked 40 hours a week, and based on Plaintiff's hourly rate of pay at the time of his separation, Plaintiff's wages are estimated at $2,822 per month.[1]  See Rath Declaration, ¶ 5, Ex. A.  Plaintiff's separation from employment occurred on or around August 2019.  *Id.*  Thus, from his separation through the date of this removal, Plaintiff's alleged damages for back pay would be $25,402 (*i.e.*, 9 months' of back pay).  Plaintiff's entitlement to two years of front pay[2] would amount to $67,728 (*i.e.,* 24 months of front pay).  In total, Plaintiff alleged entitlement to lost past and future wages amounts to **$93,130** and thus exceeds the $75,000 threshold.

23.     This is a conservative calculation of the amount in controversy and does not account for other damages Plaintiff alleges he is entitled to recover, such as emotional distress damages,[3] punitive damages,[4] and attorneys' fees and costs.[5]  These claims will increase the amount in controversy even further past the jurisdictional

---

[1]     These estimates are based on the information presently known to Defendant.

[2]     While any award of front pay is speculative, courts have awarded such damages in FEHA cases have held that a plaintiff could receive at least two years of front pay.  *Horsford v. Board of Trustees of Calif. State Univ.,* 132 Cal. App. 4th 359, 388–89 (2005).

[3]     A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002).  Juries in California have awarded well in excess of $75,000 for emotional distress damages in wrongful termination cases.  *See, e.g.*, *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (awarding $225,000 in non-economic damages where jury found plaintiff was constructively terminated in violation of public policy).

[4]     Punitive damages are recoverable under FEHA and in wrongful termination actions.  *See* Cal. Civ. Code 3294; *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176 (1980).

[5]     Plaintiff seeks attorneys' fees and costs under the FEHA.  Ex. 1 [Complaint], Prayer for Relief.  Attorneys' fees may be awarded to a prevailing plaintiff in a FEHA action.  *See* Cal. Gov't Code § 12965(b); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation).

threshold. *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (considering "emotional distress damages" for purposes of determining the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945–46 (9th Cir. 2001) (considering punitive damages when determining the amount in controversy). Moreover, this conservative calculation does not account for Plaintiff's other causes of action.

24.     Based on Plaintiff's claims, Plaintiff's wages and his prayer for relief, there is no question that the amount in controversy in this case exceeds $75,000 on just Plaintiff's wrongful termination claim alone. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees demonstrated that the amount in controversy exceeded $75,000").

25.     Therefore, based on the total alleged damages of Plaintiff's claims, in addition to attorneys' fees and costs, punitive damages and interest, the amount placed in controversy by Plaintiff now at the time of this removal and at the institution of this civil action is significantly greater than $75,000.

**Other Prerequisites For Removal Have Been Satisfied**

26.     Defendant first received the Summons and Complaint through service of process on May 6, 2020.  This Notice is timely filed in accordance with 28 U.S.C. § 1446(b), because less than thirty (30) days have elapsed since Defendant received the pleadings setting forth the claims for relief upon which this removal is based.

27.     Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 84(b) and 1391 because the county in which the State Court Action was pending (Los Angeles) is found within this District.

28.     Defendant is not aware of any other defendant that exists and who has been named in the Complaint or who has been served with a Summons and Complaint.

29.     This Notice will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

30. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as the following exhibits, including the Complaint (**Exhibit 1**); Summons (**Exhibit 2**); Civil Case Cover Sheet (**Exhibit 3**); Proof of Service of Summons (**Exhibit 4**); Notice of Case Assignment (**Exhibit 5**); and Answer (**Exhibit 6**).

31. Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), removal of this action is proper pursuant to 28 U.S.C. § 1441.

## **RESERVATION OF RIGHTS**

32. This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to defenses and objections to venue, improper service, and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case, and all defenses, motions, and pleas are expressly reserved.

WHEREFORE, Defendant requests the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

Dated: June 3, 2020      **MCDERMOTT WILL & EMERY LLP**

By: */s/ Ronald J. Holland*
RONALD J. HOLLAND
LAUREN A. ZIEGLER
PHILIP SHECTER
Attorneys for Defendant
KINKISHARYO INTERNATIONAL, LLC