# **EXHIBIT 1**

Electronically FILED by Superior Court of California, County of Los Angeles on 04/30/2020 02:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Monroe, Deputy Clerk
Case 2:20-cv-04923-GW-E   Document 1-1   Filed 06/03/20   Page 2 of 18   Page ID #:11
20STCV16542
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elizabeth Feffer

Seung Yang (SBN 249857)
E-mail: *seung.yang@moonyanglaw.com*
Christopher L. Garcia (SBN 306082)
E-mail: *chris.garcia@moonyanglaw.com*
**MOON & YANG, APC**
1055 W. Seventh Street, Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff
NOE ARMENDARIZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NOE ARMENDARIZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>KINKISHARYO INTERNATIONAL, LLC a Delaware limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 20STCV16542<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**<br>2. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br>3. **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**<br>4. **RETALIATION IN VIOLATION OF FEHA;**<br>5. **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION AND/OR RETALIATION;**<br>6. **VIOLATION OF THE CFRA;**<br>7. **RETALIATION IN VIOLATION OF THE CFRA;**<br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>[JURY TRIAL DEMANDED] |

COMES NOW Plaintiff Noe Armendariz who files this Complaint against Defendants Kinkisharyo International, LLC and DOES 1 through 25 inclusive (collectively "Defendants") herein, and against each of them, and for causes of action allege as follows.

## THE PARTIES

1. Plaintiff Noe Armendariz ("Plaintiff" or "Armendariz") is, and at all relevant times herein was, an individual residing in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and thereon alleges that Defendant Kinkisharyo International, LLC ("Defendant" or "Kinkisharyo") is, and at all times material hereto was a Delaware corporation doing business in the County of Los Angeles, State of California.

3. Plaintiff is ignorant of the true names and capacities of those defendants sued as DOES 1 through 25, inclusive, and, therefore, sues them under the fictitious names pursuant to Code of Civil Procedure Section 474. Plaintiff is informed and believe, and thereupon allege that DOE defendants are in some manner or capacity and to some degree legally and proximately responsible and liable for the damages which Plaintiff complains. When the true names and capacities of DOES 1 through 25 are determined, Plaintiff will seek leave to amend this complaint to allege the true names and capacities of such DOE defendants.

4. Plaintiff is informed and believes and thereon alleges that each of the Defendants was the agent, servant, employee, joint venturer, joint owner, joint tenant, community property owner, guarantor and/or partner of each of the other co-Defendants, and in doing or failing to do the things alleged herein, each co-Defendant was acting within the scope of authority conferred upon that party by consent, approval and/or ratification of each of the other co-Defendants, whether said authority was actual or apparent. "Defendants", as used hereinbelow, means each and all of the Defendants, unless the context requires otherwise.

5. Plaintiff is informed and believes, and thereon alleges that Defendants' improper conduct hereinafter alleged occurred in the County of Los Angeles, California. Plaintiff further alleges that at all times relevant hereto, Plaintiff was employed to work, and did work in the State of California, County of Los Angeles.

## GENERAL ALLEGATIONS

6. In or around July 2017, Armendariz became employed by Kinkisharyo as a Burning Technician. Armendariz remained employed by Kinkisharyo until he was wrongfully terminated on or about August 29, 2019.

7. In or around late-August 2018, Armendariz's wife gave birth to Armendariz's daughter.

8. Following the birth of Armendariz's daughter, Armendariz's daughter was frequently ill and required visits to the hospital for treatment of pneumonia. As a result, Armendariz had to take several days off in order to care for his daughter.

9. In or around late-June or early-July 2019, Armendariz requested protected leave in order to bond with and care for his baby daughter.

10. On or about July 10, 2019, Armendariz began his protected leave to bond with and care for his baby daughter.

11. On or about August 10, 2019, Armendariz returned to work from his protected leave. Upon Armendariz's return from leave, Armendariz was notified that Kinkisharyo was changing his schedule and reducing his hours worked. Armendariz opposed these changes and informed Kinkisharyo of his opposition.

12. On or about August 29, 2019, Armendariz was notified that Kinkisharyo was terminating his employment effective August 30, 2019.

13. On or about August 30, 2019, Kinkisharyo terminated Armendariz's employment for pre-textual reasons in retaliation for his taking of protected leave.

14. Defendants failed to go through a good faith interactive process with Armendariz to determine effective reasonable accommodations before terminating Armendariz.

15. Defendants also failed to accommodate Armendariz's association with a close family member, Armendariz's daughter, who had physical disability/medical condition or perceived physical disability/medical condition, and instead terminated Armendariz.

16. Armendariz is informed and believes, and thereon alleges that Defendants terminated Armendariz's employment as a result of, and in retaliation for Armendariz complaining, taking leave, and because of Armendariz's association with a person, Armendariz's daughter, who had a disability or perceived disability/medical condition.

17. Armendariz's daughter suffered from a physical disability/medical condition as defined by the Fair Employment and Housing Act ("FEHA"). More specifically, Armendariz's daughter suffered from, amongst other things, pneumonia and related medical complications, which interfered with Armendariz's daughter's major life functions and activities. Armendariz was a qualified individual associated with a person with a disability because Armendariz was associated with a disabled individual who could either with or without reasonable accommodations perform the essential functions of his job, or alternatively another job he was qualified for and desired. Armendariz is accordingly entitled to the protections of FEHA.

18. Alternatively, Armendariz was perceived by Defendants as being associated with a person who was physically disabled within the meaning of FEHA.

19. Armendariz is informed and believes and thereon alleges that at all times mentioned in this complaint, Defendants regularly employed 5 or more persons in the state of California, and therefore are accordingly subject to the provisions of FEHA.

20. Defendants, and each of them, interfered with Plaintiff's efforts to take and continue his protected leave after the birth of his child and engaged in retaliatory acts and conduct as a result of Plaintiffs protected leave.

21. Defendants intentionally covered up the reason for Plaintiff's termination and refused to acknowledge he was terminated because of his need for leave to conceal that Plaintiff was being illegally terminated and discriminated against in conscious disregard of his rights under and the California Family Rights Act ("CFRA").

22. Armendariz has duly complied with the requirements of the Fair Employment and Housing Act by filing charges of discrimination with the DFEH and obtaining the requisite "Right to Sue" notice.

//

23. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

24. At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Armendariz. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."

25. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

## FIRST CAUSE OF ACTION

### (Associational Disability Discrimination in Violation of FEHA – Against All Defendants)

26. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

27. At all times mentioned herein, Plaintiff was an employee of Defendants, and each of them.

28. Plaintiff's daughter's medical condition constituted a physical disability as defined by FEHA.

29. Under FEHA Government Code Section 12940, et seq., it is an unlawful employment practice for an employer because of a person's association with another person of a protected status based on disability, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

30. As a direct, legal, and proximate cause of Plaintiff's association with his daughter, Defendants discriminated Plaintiff by terminating Plaintiff's employment. Defendants knew, perceived, and/or believed that Plaintiff was associating with his daughter, whom Defendants knew, perceived, and/or believed had a protected status (disability), as alleged hereinabove. Plaintiff's association with another person of protected status, as alleged hereinabove, was a motivating factor in Defendants' termination of Plaintiff's employment.

31. At all times mentioned in this complaint, Plaintiff performed Plaintiff's work competently for Defendants.

32. The conduct and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants have continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials knew or reasonably should have known of the conduct and its unlawful motivations.

33. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

34. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

35. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

36. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to his damage in a sum according to proof.

37. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code §

3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff in part because of Plaintiff's association with someone with a disability, thereby entitling Plaintiff to punitive damages.

### SECOND CAUSE OF ACTION

### (Failure to Engage in a Good Faith Interactive Process in Violation of FEHA – Against All Defendants)

38. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

39. Plaintiff was associated with a person who was physically disabled within the meaning of FEHA, all as aforepled. Alternatively, Defendants perceived Plaintiff to be associated with a person who was physically disabled.

40. Government Code § 12940(n) requires an employer to engage in a good faith interactive process with a employee to ascertain effective reasonable accommodations. The employer's failure to do so is a separate violation of FEHA.

41. Plaintiff is informed and believes and thereon alleges that Defendants violated Government Code §12940(n) by failing to engage in said good faith interactive process with Plaintiff, by amongst other things, refusing to allow Plaintiff to return to work without negative consequences, by refusing to accommodate Plaintiff, and by instead terminating Plaintiff.

42. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

43. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

//

//

44. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

45. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

46. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.

### THIRD CAUSE OF ACTION

#### (Failure to Accommodate in Violation of FEHA – Against All Defendants)

47. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

48. Plaintiff's daughter was physically disabled within the meaning of FEHA, all as aforepled. Alternatively, Defendants perceived Plaintiff's daughter as being physically disabled.

49. Government Code § 12940(m) requires an employer to provide reasonable accommodations to employees with known physical disabilities. The employer also has an affirmative duty to inform disabled individuals of other job opportunities and ascertain whether the employee is interested in, or qualified for said positions.

50. Plaintiff is informed and believes and thereon alleges that Defendants and each of them independently violated FEHA by refusing to accommodate Plaintiff's need to care for Plaintiff's daughter, by amongst other things, refusing to allow Plaintiff to return to work without negative consequences, by refusing to accommodate Plaintiff, by refusing to allow Plaintiff to return to work, by not advising Plaintiff of other open job opportunities that he was qualified to perform, and by instead terminating Plaintiff.

//
//

51. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

52. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

53. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

54. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

55. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.

## FOURTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA – Against All Defendants)

56. Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

57. Plaintiff was subjected to adverse employment actions including, but not limited to, termination. Plaintiff is informed and believes and thereon alleges that such adverse employment actions were taken in retaliation for exercising Plaintiff's rights under FEHA. Such conduct violates Government Code section 12945.2(1) and other provisions of FEHA.

58. As a proximate cause of these Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

59. As a further proximate result of these Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

60. As a further proximate result of these Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

61. As a further proximate result of these Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

62. The above-referenced actions of these Defendants' were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.

### FIFTH CAUSE OF ACTION

### (Failure to Take All Reasonable Steps to Prevent Discrimination and/or Retaliation – Against All Defendants)

63. Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

64. Defendants failed to take all reasonable steps necessary to prevent the aforementioned discrimination and/or retaliation to which Plaintiff was subjected to in violation of California Government Code § 12940.

65. The conduct and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants have continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials knew or reasonably should have known of the conduct and its unlawful motivations.

//

66. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

67. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

68. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

69. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

70. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.

## SIXTH CAUSE OF ACTION

### (Violation of the California Family Rights Act – Against All Defendants)

71. Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

72. Plaintiff is a member of the class of persons entitled to protected family/baby bonding leave under the California Family Rights Act, embodied in Government Code Section 12945.2. Plaintiff has worked for Defendants for more than one (1) year and in excess of one thousand two hundred and fifty (1,250) hours in the preceding twelve (12) month period prior to his requested and/or taken leaves. Further, at all times relevant herein, Plaintiff was entitled to a qualifying leave for family/baby bonding.

73. Defendants are employers covered by and subject to the California Family Rights Act because they employed fifty (50) or more persons, within a 75 mile radius of

Plaintiff's worksite, to perform services for a wage or salary for each working day of each of the twenty (20) calendar weeks preceding and following the leave period(s).

74. Defendants violated Government Code §12945.2 et. seq. which is commonly referred to as the California Family Rights Act. This statute required Defendants to refrain from discriminating or retaliating against any employee on the basis of the employee's need to take leave to bond with his baby. Government Code §§12945.2 et. seq.

75. It is an unlawful employment practice for Defendants, and each of them, to violate an employee's rights under the CFRA. Gov't Code § 12945.2(a). This includes failing or refusing to grant a request for leave to an eligible employee, failing or refusing to designate that employee's leave as a CFRA-protected leave and failing or refusing to provide an employee with his or her rights and responsibilities under the CFRA. *Id.*; 2 Cal. Code of Regs ("CCR") § 7297.4(a)(1)(A); and *see* 29 CFR § 825.300. In addition, an employer may not discriminate, retaliate against, and/or discharge an employee for exercising any right under CFRA. Gov't Code § 12940(h) and 2 CCR § 7297.7.

76. Defendants engage in a pattern and practice of discriminating, retaliating and/or otherwise terminating employees for illegal and prohibitive reasons in violation of State and Federal Laws and/or Statutes, including but not limited to the Fair Employment and Housing Act and the California Family Rights Act.

77. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

78. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

79. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

80. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

### SEVENTH CAUSE OF ACTION

### (Retaliation in Violation of the California Family Rights Act – Against All Defendants)

81. Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

82. Plaintiff is a member of the class of persons entitled to protected family and/or baby bonding leave under the California Family Rights Act, embodied in Government Code Section 12945.2. Plaintiff has worked for Defendants for more than one (1) year and in excess of one thousand two hundred and fifty (1,250) hours in the preceding twelve (12) month period prior to his requested and/or taken leaves. Further, at all times relevant herein, Plaintiff had a qualifying need for leave.

83. Defendants are employers covered by and subject to the California Family Rights Act because it employed fifty (50) or more persons, within a 75 mile radius of Plaintiff's worksite, to perform services for a wage or salary for each working day of each of the twenty (20) calendar weeks preceding and following the leave period(s).

84. Defendants violated Government Code §12945.2 et. seq. which is commonly referred to as the California Family Rights Act. This statute required Defendants to refrain from discriminating or retaliating against any employee on the basis of the employee's need to take/request qualifying. Government Code §§12945.2 (a) and (1). Plaintiff exercised his right to California Family Rights Act leave and was retaliated against and terminated by Defendants on account of Plaintiff's exercise of Plaintiff's right to take such leave. Plaintiff believes that exercise of such leave was a motivating and substantial factor in Defendants' termination of Plaintiff's employment.

85. Defendants engage in a pattern and practice of discriminating, retaliating and/or otherwise terminating employees for illegal and prohibitive reasons in violation of State and

Federal Laws and/or Statutes, including but not limited to the Fair Employment and Housing Act and the California Family Rights Act.

86. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

87. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

88. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

89. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

## EIGHTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy - Against All Defendants)

90. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

91. Plaintiff is informed and believes and thereon alleges, that Defendants terminated Plaintiff because Plaintiff exercised his right to take/request a protected leave as described above.

92. Plaintiff is further informed and believes and thereon alleges that Defendants' termination of Plaintiff violated Government Code § 12900 et. seq. and Article 1, Section 8 of the California Constitution, which prohibit discrimination and retaliation based upon taking/requesting a protected leave of absence.

93. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

94. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

95. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

96. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

97. The above-referenced actions of Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief against Defendants, and each of them as follows:

### FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, AND EIGHTH CAUSES OF ACTION

a) For general damages for pain and suffering according to proof;

b) For damages for past and future medical expenses according to proof;

c) For lost wages and other benefits according to proof;

d) For reasonable attorneys' fees in an amount according to proof;

e) For punitive damages in an amount according to proof;

f) For prejudgment interest as provided by law;

g) For civil penalties as provided by law;

h) For costs of suit; and

i) For such other and further relief as the Court may deem proper.

Dated: April 30, 2020         MOON & YANG, APC

By: _____
Seung Yang
Christopher Garcia
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: April 30, 2020                    MOON & YANG, APC

By: _____
Seung Yang
Christopher Garcia
Attorneys for Plaintiff